# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>KENNETH SALAZAR, as Secretary of the )<br>DEPARTMENT OF THE INTERIOR, 1849 C Street NW, )<br>Washington, D.C. 20240; GARY LOCKE, as Secretary of )<br>the DEPARTMENT OF COMMERCE, 1401 Constitution )<br>Ave. NW, Washington, D.C. 20230; ROBERT GATES, )<br>as Secretary of the DEPARTMENT OF DEFENSE, )<br>1400 Defense Pentagon, Washington D.C. 20301; RAY )<br>LaHOOD, as Secretary of the DEPARTMENT OF )<br>TRANSPORTATION, 1200 New Jersey Ave. SE, )<br>Washington, D.C. 20590; THOMAS VILSACK, as )<br>Secretary of the DEPARTMENT OF AGRICULTURE, )<br>1400 Independence Ave. SW, Washington, D.C. 20250; )<br>LISA JACKSON, Administrator of the )<br>ENVIRONMENTAL PROTECTION AGENCY, Ariel )<br>Rios Building,1200 Pennsylvania Ave. NW, Washington, )<br>D.C. 20004, )<br> )<br>Defendants[1], )<br>_____ ) | Civil No. 1:09-cv-00090-HHK |

## FEDERAL DEFENDANTS' ANSWER

Federal Defendants Kenneth Salazar, in his official capacity as Secretary of the Department of the Interior ("DOI"), Gary Locke, in his official capacity as Secretary of the Department of Commerce ("DOC"), Robert Gates, in his official capacity as Secretary of the Department of Defense ("DOD"), Ray LaHood, in his official capacity as Secretary of the Department of Transportation ("DOT"), Thomas Vilsack, in his official capacity as Secretary of

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretaries Salazar, Locke, LaHood, and Vilsack and Administrator Jackson are automatically substituted as Federal Defendants for their predecessors who are named in Plaintiff's Complaint.

the Department of Agriculture ("USDA"), and Lisa Jackson, in her official capacity as Administrator of the Environmental Protection Agency ("EPA"), plead as follows in response to Plaintiff Center for Biological Diversity's ("CBD" or "Plaintiff") Complaint for Declaratory and Injunctive Relief ("Complaint").  The numbered paragraphs of Federal Defendants' Answer correspond to the numbered paragraphs of Plaintiff's Complaint.  All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## STATEMENT OF THE CASE

1. Paragraph 1 of the Complaint characterizes the nature of Plaintiff's claims and requires no response.  To the extent that a response is necessary, Defendants deny the allegations of Paragraph 1.

2. Paragraph 2 of the Complaint states a legal conclusion and requires no response.  To the extent that a response is necessary, Defendants deny the allegations of Paragraph 2.

3. Paragraph 3 of the Complaint characterizes the nature of Plaintiff's claims and the relief sought and requires no response.  To the extent that a response is necessary, Defendants deny the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states legal conclusions and requires no response.  To the extent that a response is necessary, Defendants deny the allegations of Paragraph 4.

5. Paragraph 5 of the Complaint states a legal conclusion and requires no response.  To the extent that a response is necessary, Defendants deny the allegations of Paragraph 5.

## PARTIES

6. Paragraph 6 of the Complaint purports to describe Plaintiff CBD.  Federal Defendants lack information sufficient to allow them to either admit or deny the allegations of

Paragraph 6 of the Complaint. To the extent a response is necessary, Federal Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint purports to describe Plaintiff CBD. Federal Defendants lack information sufficient to allow them to either admit or deny the allegations in the first, second, and third sentences of Paragraph 7 of the Complaint, except Federal Defendants admit that the polar bear was listed as a threatened species under the Endangered Species Act ("ESA") on May 15, 2008, for the reasons described in the Final Rule. Federal Defendants deny the allegations in the fourth sentence of Paragraph 7 of the Complaint.

8. Federal Defendants deny the allegations in the first sentence of Paragraph 8, and aver that the current Secretary of the Department of the Interior is Kenneth Salazar. The second, third, and fourth sentences of Paragraph 8 state legal conclusions and require no response. To the extent that a response is necessary, Federal Defendants deny the allegations of the second, third, and fourth sentences of Paragraph 8 on the grounds that they are vague and ambiguous, except that Federal Defendants admit that DOI, through the Fish and Wildlife Service, shares responsibility with DOC for administering the ESA. The allegations in the fifth sentence of Paragraph 8 are vague and ambiguous, and therefore no response is required. To the extent that a response is required, Federal Defendants deny the allegations in the fifth sentence of Paragraph 8.

9. Federal Defendants deny the allegations in the first sentence of Paragraph 9, and aver that the current Secretary of the Department of Commerce is Gary Locke. Federal Defendants admit the allegation in the second sentence of Paragraph 9 that the National Oceanic and Atmospheric Administration ("NOAA") is an agency within DOC. The third and fourth sentences of Paragraph 9 state legal conclusions and/or are vague and ambiguous, and thus

require no response. To the extent that a response is necessary, Federal Defendants deny the allegations of the third and fourth sentences of Paragraph 9, except that Federal Defendants admit that DOC shares responsibility with DOI for administering the ESA, which authority is typically exercised through NOAA's National Marine Fisheries Service ("NMFS"), and that DOC and NOAA have certain implementation authorities with respect to the Marine Mammal Protection Act, Magnuson-Stevens Fishery Conservation and Management Act, and Coastal Zone Management Act.

10.     Federal Defendants deny the allegations in the first sentence of Paragraph 10, and aver that the current Secretary of the Department of Agriculture is Thomas Vilsack. Federal Defendants admit the allegations in the third sentence of Paragraph 10 that the Forest Service and the Natural Resources Conservation Service (formerly known as the Soil Conservation Service) are agencies within USDA. The second and fourth sentences of Paragraph 10 state legal conclusions and/ or are vague and ambiguous, and thus require no response. To the extent that a response is necessary, Federal Defendants deny the allegations of the second and fourth sentences of Paragraph 10.

11.     Federal Defendants deny the allegations in the first sentence of Paragraph 11, and aver that the current Secretary of the Department of Transportation is Ray LaHood. Federal Defendants deny the remaining allegations in Paragraph 11.

12.     Federal Defendants admit the allegation in the first sentence of Paragraph 12 that Robert Gates is the Secretary of the Department of Defense. The second and third sentences of Paragraph 12 state legal conclusions and/ or are vague and ambiguous, and thus require no response. To the extent that a response is necessary, Federal Defendants deny the allegations of the second and third sentences of Paragraph 12.

13. Federal Defendants deny the allegations in the first sentence of Paragraph 13, and aver that the current Administrator of the Environmental Protection Agency is Lisa Jackson. The second, third, and fourth sentences of Paragraph 13 state legal conclusions and/ or are vague and ambiguous, and thus require no response. To the extent that a response is necessary, Federal Defendants deny the allegations of the second, third, and fourth sentences of Paragraph 13, except that Federal Defendants admit that EPA administers the Clean Water Act, Clean Air Act, Federal Insecticide, Fungicide and Rodenticide Act, Toxics Substance Control Act, Resource Conservation and Recovery Act, and Comprehensive Environmental Response, Compensation, and Liability Act.

## SUMMARY OF FACTS AND GENERAL ALLEGATIONS

The Petition

14. Federal Defendants deny the allegations in Paragraph 14, and aver that the Department of Commerce, the Department of Transportation, and the Department of Defense have no record of receiving from Plaintiff the petition "Endangered Species and Global Warming Initiative: An Administrative Procedure Act Petition Before the Secretaries of Interior, Commerce, Energy, Agriculture, Transportation, Defense, and EPA to Enhance the Recovery of Endangered Species and Address the Growing Impacts of Global Warming on Imperiled Species" ("Petition").

15. The allegations in Paragraph 15 purport to characterize an article in the Annual Review of Ecology, Evolution an Systematic [sic] 37:637-69 (2006), which speaks for itself and provides the best evidence of its content. Federal Defendants lack sufficient information about this article, which was not attached to the Complaint, to allow them to either admit or deny the allegations of Paragraph 15 of the Complaint. To the extent a response is necessary, Federal

Defendants deny the allegations of Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 purport to characterize an article in <u>Proceedings of the National Academy of Sciences</u> 103(39):14288-14293 (2006), which speaks for itself and provides the best evidence of its content. Federal Defendants lack sufficient information about this article, which was not attached to the Complaint, to allow them to either admit or deny the allegations of Paragraph 16 of the Complaint. To the extent a response is necessary, Federal Defendants deny the allegations of Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 purport to characterize Plaintiff's Petition (which was not attached to the Complaint), which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 17 are inconsistent with the plain language and meaning of the Petition, they are denied.

18. The allegations in Paragraph 18 purport to characterize Plaintiff's Petition, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 18 are inconsistent with the plain language and meaning of the Petition, they are denied.

19. The allegations in Paragraph 19 purport to characterize Plaintiff's Petition, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 19 are inconsistent with the plain language and meaning of the Petition, they are denied.

20. The allegations in Paragraph 20 are vague and ambiguous, and thus require no response. To the extent that a response is necessary, Federal Defendants deny the allegations of Paragraph 20.

The Agencies' Replies and Responses

21. Federal Defendants admit the allegation in the first sentence of Paragraph 21 that on March 6, 2007, EPA sent Plaintiff a letter, signed by Robert W. Hargrove, regarding Plaintiff's Petition. The remaining allegations in Paragraph 21 purport to characterize the content of EPA's March 6, 2007 letter, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 21 are inconsistent with the plain language and meaning of the letter, they are denied.

22. Federal Defendants admit the allegation in the first sentence of Paragraph 22 that on June 13, 2007, the Department of Energy ("DOE") sent Plaintiff a letter, signed by General Counsel David Hill, regarding Plaintiff's Petition. The remaining allegations in Paragraph 22 purport to characterize the content of DOE's June 13, 2007 letter, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 22 are inconsistent with the plain language and meaning of the letter, they are denied.

23. Federal Defendants deny the allegations in Paragraph 23. Federal Defendants further aver that DOC, DOT, and DOD have no record of ever having received the Petition from Plaintiff.

24. Paragraph 24 explains the distinction that the Complaint draws between "replying" and "responding;" it contains no allegations and thus no response is required.

The U.S. Supreme Court, Global Warming and Endangered Species

25. Federal Defendants admit the allegation in the first sentence of Paragraph 25 that the Supreme Court issued its decision in <u>Masachussets v. EPA</u>, 127 S.Ct. 1438 (2007), on April 2, 2007. The remaining allegations in Paragraph 25 set forth legal conclusions and purport to characterize that decision, which speaks for itself and provides the best evidence of its content.

To the extent the allegations in Paragraph 25 are inconsistent with the plain language and meaning of the decision, they are denied.

26.     The allegations in Paragraph 26 set forth legal conclusions and purport to characterize the Supreme Court's decision in Tennessee Valley Authority v. Hill, 437 U.S. 153 (1978), which speaks for itself and provides the best evidence of its content.  To the extent the allegations in Paragraph 26 are inconsistent with the plain language and meaning of the decision, they are denied.

## STATUTORY AND REGULATORY BACKGROUND

The ESA

27.     The allegations in Paragraph 27 set forth legal conclusions and purport to characterize the ESA, a statute that speaks for itself and provides the best evidence of its content.  To the extent the allegations in Paragraph 27 are inconsistent with the plain language and meaning of the ESA, they are denied.

28.     The allegations in Paragraph 28 set forth legal conclusions and purport to characterize the ESA and its implementing regulations, a statute and regulations that speak for themselves and provide the best evidence of their content.  To the extent the allegations in Paragraph 28 are inconsistent with the plain language and meaning of the ESA and its implementing regulations, they are denied.

29.     The allegations in Paragraph 29 set forth legal conclusions and purport to characterize the ESA, a statute that speaks for itself and provides the best evidence of its content.  To the extent the allegations in Paragraph 29 are inconsistent with the plain language and meaning of the ESA, they are denied.

30.     The allegations in Paragraph 30 set forth legal conclusions and purport to

characterize the ESA, a statute that speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 30 are inconsistent with the plain language and meaning of the ESA, they are denied, except to admit that the Secretaries of Commerce and Interior share responsibility for administering the ESA.

31. The allegations in Paragraph 31 set forth legal conclusions and purport to characterize the ESA, a statute that speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 31 are inconsistent with the plain language and meaning of the ESA, they are denied.

32. The allegations in Paragraph 32 set forth legal conclusions and purport to characterize the ESA, a statute that speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 32 are inconsistent with the plain language and meaning of the ESA, they are denied.

The APA

33. The allegations in Paragraph 33 set forth legal conclusions and purport to characterize the Administrative Procedure Act ("APA"), a statute that speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 33 are inconsistent with the plain language and meaning of the APA, they are denied.

34. The allegations in Paragraph 34 set forth legal conclusions and purport to characterize the APA, a statute that speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 34 are inconsistent with the plain language and meaning of the APA, they are denied.

## RESPONSE TO FIRST CLAIM FOR RELIEF

35. Federal Defendants incorporate by reference their prior responses to Paragraphs 1

through 34 of the Complaint, as realleged and incorporated by reference in Paragraph 35.

    36.    The allegations in Paragraph 36 are denied.

    37.    The allegations in Paragraph 37 are denied.

    38.    Federal Defendants admit that DOE, which is not a party to this litigation, has denied Plaintiff's Petition; the remaining allegations in Paragraph 38 are denied.

    39.    The allegations in Paragraph 39 are denied.

    40.    The allegations in Paragraph 40 are denied.

    41.    The allegations in Paragraph 41 are denied.

    42.    The allegations in Paragraph 42 are denied.

## RESPONSE TO PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiff's request for relief and do not require a response; to the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Court lacks jurisdiction over Plaintiff's claim.

### Second Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

Plaintiff lacks standing for its claim.

### Fourth Affirmative Defense

Plaintiff's claim is moot.

WHEREFORE, Federal Defendants request that the Court dismiss Plaintiff's Complaint

or enter judgment in favor of the United States and grant such other relief as may be appropriate.

Respectfully submitted this 6th day of April, 2009,

        JOHN C. CRUDEN
        Acting Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        JEAN E. WILLIAMS, Chief
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section

        /s/ Kristen L. Gustafson
        KRISTEN L. GUSTAFSON
        D.C. Bar #460443
        Senior Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Tel. (202) 305-0211/ Fax (202) 305-0275
        Kristen.Gustafson@usdoj.gov

        Attorneys for Federal Defendants